IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JYKEECIA RAINES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO. |
| | : | |
| U-HAUL INTERNATIONAL, INC. | : | |
| and U-HAUL CO. OF GEORGIA | : | |
| d/b/a U-Haul Moving & Storage of | : | |
| College Park at Godby Road, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff, JYKEECIA RAINES, files this Complaint against Defendants U-HAUL INTERNATIONAL, INC. and U-HAUL CO. OF GEORGIA d/b/a U-Haul Moving & Storage of College Park at Godby Road as set forth herein. All stated injuries and damages were caused by, and are incorporated in, each stated claim.

## **INTRODUCTION**

### 1.

This is a diversity action to recover damages based on Georgia state law tort claims against the defendants for malicious prosecution, breach of duty, negligence, tortious interference with employment, and infliction of emotional distress.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff JYKEECIA RAINES ("Plaintiff") is an individual adult resident of Fulton County in the State of Georgia.

3.

Defendant U-HAUL INTERNATIONAL, INC. ("Defendant U-HAUL INTERNATIONAL") is a foreign corporation for profit organized and existing under the laws of the State of Nevada.

4.

Defendant U-HAUL INTERNATIONAL may be served with process at its principal address and place of business located at 2721 N. Central Avenue, Phoenix, Arizona 85004 or through its registered agent, CT Corporation System, located at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

5.

Defendant U-HAUL CO. OF GEORGIA d/b/a U-Haul Moving & Storage of College Park at Godby Road ("Defendant U-HAUL GEORGIA") is a domestic corporation for profit organized and existing under the laws of the State of Georgia.

6.

Defendant U-HAUL GEORGIA does business as U-Haul Moving & Storage

of College Park at Godby Road, a rental and storage facility located at 2041 Southampton Road, College Park, Fulton County, Georgia ("the U-Haul facility").

7.

Defendant U-HAUL GEORGIA may be served with process at its principal address and place of business located at 300 Peters Street, SW, Atlanta, Fulton County, Georgia 30313 or through its registered agent, CT Corporation System, located at 89 S. Culver Street, Lawrenceville, Georgia 30046.

8.

Defendant U-HAUL GEORGIA is a wholly owned subsidiary of Defendant U-HAUL INTERNATIONAL.

9.

Defendant U-HAUL GEORGIA shares information and responsibilities with Defendant U-HAUL INTERNATIONAL and its affiliated "U-Haul" facilities as a joint venture to operate their businesses.

10.

Defendants jointly employ, manage, and train the staff at the U-Haul facility.

11.

Defendant U-HAUL INTERNATIONAL creates and provides employment application forms and personnel policies that are used to employ, manage, supervise,

and train the staff at the U-Haul facility.

12.

Defendant U-HAUL GEORGIA employs, manages, supervises, and trains the staff at the U-Haul facility.

13.

Defendants share financial profits from the operation of the U-Haul facility.

14.

At all times referenced herein, Tavorris Morris ("Morris") was an employee, agent, and apparent agent of Defendant U-HAUL INTERNATIONAL acting within the scope of his employment at the U-Haul facility.

15.

At all times referenced herein, Morris was an employee, agent, and apparent agent of Defendant U-HAUL GEORGIA acting within the scope of his employment at the U-Haul facility.

16.

At all times referenced herein, Dawn Goellner ("Goellner") was an employee, manager, agent, and apparent agent of Defendant U-HAUL INTERNATIONAL acting within the scope of her employment at the U-Haul facility.

17.

At all times referenced herein, Goellner was an employee, manager, agent, and apparent agent of Defendant U-HAUL GEORGIA acting within the scope of her employment at the U-Haul facility.

18.

At all times referenced herein, Defendant U-HAUL INTERNATIONAL established employment policies and practices for the U-Haul facility.

19.

At all times referenced herein, Defendant U-HAUL GEORGIA enforced employment policies and practices and supervised employees at the U-Haul facility.

20.

As the parent company and the subsidiary, Defendants both maintained significant roles in the hiring, payment, management, supervision, discipline, and termination of employees at the U-Haul facility.

21.

Defendants are both liable for the tortious conduct of employees at the U-Haul facility toward Plaintiff based on the legal doctrines of *respondeat superior*, agency, and/or apparent agency.

22.

All the acts and events referred to herein occurred and/or were committed in Fulton County and the Northern District of Georgia. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and N.D.Ga. Local Rule 3.1(B).

23.

The amount in controversy and value of Plaintiff's claims exceed the sum of $75,000, exclusive of interest and costs.

24.

Defendants are both subject to the jurisdiction of this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

**FACTS & SEQUENCE OF EVENTS**

25.

In December 2016, Plaintiff obtained an Alabama driver's license while she was attending Miles College in Fairfield, Alabama.

26.

In May 2019, Plaintiff graduated cum laude from Miles College with a Bachelor of Science degree in criminal justice and moved back to Georgia.

27.

In May 2019, Plaintiff exchanged her Alabama driver's license for a Georgia

driver's license. After this exchange, Plaintiff no longer used or possessed an Alabama driver's license.

28.

On February 1, 2020, Morris was performing his duties as an employee of Defendant at the U-Haul facility. Morris rented a U-Haul truck ("the U-Haul truck") to an unidentified female who provided a residence address in Union City, Georgia.

29.

To rent the U-Haul truck, the unidentified female fabricated her identity with a forged, fabricated, or stolen copy of the driver's license that Plaintiff previously used in Alabama with an Alabama address.

30.

Defendants and Morris had a photograph of the unidentified female and the Alabama driver's license photograph of Plaintiff. The unidentified female did not physically resemble Plaintiff, but Defendants and Morris intentionally ignored or negligently failed to notice this discrepancy.

31.

The unidentified female provided Defendants and Morris with an unverified and false local residence address in Union City, Georgia rather than the Alabama address on the driver's license. Defendants and Morris intentionally ignored or

negligently failed to notice this discrepancy.

32.

The unidentified female rented the U-Haul truck for two (2) days, but she never returned the U-Haul truck to the U-Haul facility.

33.

On February 4, 2020, Defendants attempted to contact the unidentified female about her failure to return the U-Haul truck after the rental period. Defendants tried to send text messages to the unidentified female, but Defendants confirmed that the unidentified female had provided an invalid phone number.

34.

On February 6, 2020, Defendants demanded the return of the U-Haul truck by sending a letter by certified mail to the false, unverified Union City address that the unidentified female had provided.

35.

On February 14, 2020, Defendants contacted the College Park Police Department to report that the U-Haul truck was stolen by Plaintiff. Morris positively and falsely identified Plaintiff as the person who rented the U-Haul truck.

36.

On February 29, 2020, Defendants located the truck in New Castle, Delaware.

37.

On March 2, 2020, a College Park Police Department officer secured a criminal arrest warrant in Clayton County Magistrate Court charging Plaintiff with a felony theft by conversion of the U-Haul truck.

38.

The police officer applied for and secured the criminal arrest warrant based on false representations by Defendants and Morris that Plaintiff rented the U-Haul truck and that the photograph of the unidentified female matched the photograph of Plaintiff on the Alabama driver's license. Defendants and Morris failed to inform the police officer that the unidentified female provided an unverified and false local address, a false phone number, and no accurate contact information.

39.

On March 16, 2020, Defendants recovered the U-Haul truck in Wilmington, Delaware. Defendants calculated their financial loss and potential recovery through restitution from Plaintiff as $5,354 based on the rental value of the U-Haul truck, towing fees, and other expenses related to the condition and return of the vehicle.

40.

On April 10, 2020, Plaintiff was arrested by a police officer, transported to the Clayton County Jail, and booked on the felony charge of theft by conversion.

Plaintiff remained in jail overnight and until she posted a $6,000 bail bond.

41.

Plaintiff immediately informed her employer, G4S Secure Solutions, about the arrest. The company placed Plaintiff on administrative leave without pay and terminated Plaintiff's employment based on this pending felony charge.

42.

On April 13, 2020, Plaintiff's mother, Sara Raines, called the U-Haul facility. Sara Raines informed Defendants' employees (including Morris and Goellner) that Plaintiff did not rent any U-Haul truck. Defendants still failed and refused to reconsider the false identification of Plaintiff or to intervene in the unjustified criminal prosecution of Plaintiff.

43.

Plaintiff hired James W. Studdard as a criminal defense attorney. Studdard attempted to resolve the criminal charge prior to a formal prosecution in Clayton County Superior Court. Studdard contacted the U-Haul facility, but Defendants' employees failed and refused to question, reconsider, or intervene in the unjustified criminal prosecution of Plaintiff.

44.

On May 18, 2021, an accusation was filed against Plaintiff in Clayton County

Superior Court. Plaintiff was charged with a felony theft by conversion of the U-Haul truck based on the false identification and inaccurate information that Defendants provided to police officers.

45.

On August 18, 2021, a Clayton County prosecutor requested a *nolle prosequi* to dismiss the criminal charge against Plaintiff. The prosecutor noted evidence that Plaintiff was nowhere near the U-Haul facility when the U-Haul truck was rented by the unidentified female who did not physically resemble Plaintiff.

46.

On August 18, 2021, a Clayton County Superior Court judge dismissed the criminal charge against Plaintiff by issuing an order to grant the *nolle prosequi*.

**COUNT ONE:  MALICIOUS PROSECUTION**

47.

Plaintiff adopts and incorporates herein Paragraphs 1 through 46 to support Count One of this Complaint.

48.

Plaintiff was arrested and prosecuted pursuant to a valid criminal arrest warrant that caused her damage. The criminal prosecution for a felony theft by conversion of the U-Haul truck was fully terminated in favor of Plaintiff.

49.

Defendants knew and should have known there was no probable cause or adequate evidence to charge Plaintiff with theft by conversion of the U-Haul truck.

50.

No judicial officer ever heard evidence to determine whether there was probable cause for the arrest or criminal prosecution of Plaintiff.

51.

Defendants maliciously, intentionally, negligently, and erroneously continued to pursue and facilitate the criminal prosecution of Plaintiff:

a) to justify Defendants' false identification of Plaintiff as the person who rented the U-Haul truck; and

b) to claim restitution from Plaintiff for the theft of the U-Haul truck.

52.

On February 18, 2022, the court order granting a *nolle prosequi* to dismiss the accusation against Plaintiff became final and the criminal prosecution was fully terminated in favor of Plaintiff.

53.

Defendants are liable to Plaintiff for her injuries and damages caused or authorized this malicious prosecution.

## <u>COUNT TWO:  BREACH OF DUTY</u>

### 54.

Plaintiff adopts and incorporates herein the preceding Paragraphs 1-52 to support Count Two of this Complaint.

### 55.

Defendants invited the general public to enter the U-Haul facility to transact business, including the short-term rental of moving vans and trucks.

### 56.

Defendants had a duty to protect Plaintiff and the general public from fraudulent transactions, identity thefts, and unwarranted criminal prosecutions caused by Defendant's business practices, negligence, and improper vehicle rentals.

### 57.

Defendants were responsible for establishing, implementing, and enforcing rules, regulations, policies, practices, and procedures for the U-Haul facility.

### 58.

Defendants failed to establish, implement, and enforce appropriate rules, regulations, policies, practices, and procedures at the U-Haul facility to assure that the unidentified female could not fraudulently rent the U-Haul truck by stealing Plaintiff's identity.

59.

Defendants failed to establish, implement, and enforce appropriate rules, regulations, policies, practices, and procedures at the U-Haul facility to assure that Defendants would not initiate, promote, and fail to intervene in the unwarranted criminal prosecution of Plaintiff for theft by conversion of the U-Haul truck.

60.

Defendants were responsible for training, supervising, disciplining, hiring, and firing employees and agents at the U-Haul facility.

61.

Defendants failed to adequately and properly train, manage, and supervise its employees and agents, specifically including Morris and Goellner.

62.

Defendants failed to adopt, implement, or utilize appropriate supervisory, training, and disciplinary measures or procedures to prevent or stop the fraudulent rental of the U-Haul truck, the theft of Plaintiff's identity, or the unwarranted criminal prosecution of Plaintiff for theft by conversion of the U-Haul truck.

63.

Defendants breached their legal duty to protect Plaintiff and the general public from the impact of fraudulent transactions, identity thefts, and unwarranted criminal

prosecutions caused by Defendants' acts, omissions, practices, and vehicle rentals.

64.

Defendants are liable to Plaintiff for her injuries and damages caused or authorized by this breach of a legal duty.

## COUNT THREE:  NEGLIGENCE

65.

Plaintiff adopts and incorporates herein the preceding Paragraphs 1-52 and 55-62 to support Count Three of this Complaint.

66.

Defendants' employees and agents were negligent in their conduct described and set forth herein, specifically including their conduct in:

    a)    renting the U-Haul truck to the unidentified female;

    b)    reporting that the U-Haul truck was stolen by Plaintiff;

    c)    initiating the criminal prosecution of Plaintiff;

    d)    refusing to reconsider the false identification of Plaintiff; and

    e)    refusing to intervene in the criminal prosecution of Plaintiff.

67.

Defendants are liable to Plaintiff for her injuries and damages caused or authorized by this negligence.

## COUNT FOUR:  TORTIOUS INTERFERENCE WITH EMPLOYMENT

68.

Plaintiff adopts and incorporates herein the preceding Paragraphs 1-52, 55-62, and 66 to support Count Four of this Complaint.

69.

The acts, omissions, and conduct of Defendants' employees and agents constitute a tortious interference with Plaintiff's employment. This tortious interference includes malicious, intentional, negligent, reckless, and false allegations that Plaintiff committed the criminal felony offense of theft by conversion.

70.

Defendants' initiation and promotion of an unwarranted criminal prosecution of Plaintiff caused her to lose her employment and position as a security officer at G4S Secure Solutions.

71.

Defendants' failure to reconsider their false identification of Plaintiff as the unidentified female who rented the U-Haul truck and Defendants' failure to intervene in an unwarranted criminal prosecution of Plaintiff prevented her from being reinstated position as a security officer at G4S Secure Solutions and from obtaining other employment in her career field.

72.

The felony charge against Plaintiff prevented her from retaining her position at G4S Secure Solutions or obtaining employment in the criminal justice field.

73.

Defendants are liable to Plaintiff for her injuries and damages caused or authorized by this tortious interference with Plaintiff's employment.

## COUNT FIVE: INFLICTION OF EMOTIONAL DISTRESS

74.

Plaintiff adopts and incorporates herein the preceding Paragraphs 1-52, 55-62, 66, and 70-72 to support Count Five of this Complaint.

75.

Defendants negligently and intentionally inflicted emotional distress on Plaintiff through the reckless, extreme, and outrageous conduct described and set forth herein, specifically including Defendants' conduct in:

a)      renting the U-Haul truck to the unidentified female;

b)      falsely reporting that the U-Haul truck was stolen by Plaintiff;

c)      initiating the unwarranted criminal prosecution of Plaintiff;

d)      refusing to reconsider their false identification of Plaintiff; and

e)      refusing to intervene in the criminal prosecution of Plaintiff.

76.

Plaintiff understood that she was facing the potential loss of her career, an inability to earn a living, and severe criminal penalties (including a prison sentence) because of her criminal prosecution for theft by conversion of the U-Haul truck.

77.

Defendants' conduct caused Plaintiff to suffer severe emotional distress, mental anguish, humiliation, emotional trauma, fear, and anxiety related to her arrest, incarceration, loss of ability to work, loss of income, and expenses related to her criminal prosecution. Due to the loss of her employment and benefits, Plaintiff could not afford to receive counseling, medical care, or psychological treatment for these mental and emotional conditions.

78.

Defendants are liable to Plaintiff for her injuries and damages caused or authorized by this negligent and intentional infliction of emotional distress.

## INJURIES & DAMAGES

79.

After she was arrested, Plaintiff could not secure a reinstatement to her position at G4S Secure Solutions or a comparable position in the criminal justice field. On December 20, 2021, Plaintiff finally obtained a full-time position as an

account care specialist in another field of employment.

80.

Despite her college degree, training, and employment experience, Plaintiff is less marketable for criminal justice positions based on the criminal prosecution and the resulting two-year gap in her employment in the criminal justice field.

81.

Defendants' conduct caused Plaintiff to suffer physical discomfort, mental stress, mental anguish, embarrassment, humiliation, and damage to her reputation.

82.

Defendants' conduct placed Plaintiff in jeopardy of severe criminal penalties, including a sentence of up to 10 years in prison; a fine of up to $100,000; and a court order to pay $5,354 in restitution.

83.

Defendants' conduct caused Plaintiff to be arrested and incarcerated, thereby causing Plaintiff to lose her freedom, to receive a criminal record, and to suffer a substantial reduction in the quality of her life.

84.

Defendants' conduct caused Plaintiff to lose employment, the ability to earn a living, the ability to work in her career field, employment opportunities, wages,

and future earnings.

85.

Defendants' conduct caused Plaintiff to suffer other financial losses and expenses, specifically including the expense of posting a bail bond and employing legal counsel to defend the criminal prosecution.

86.

Plaintiff is entitled to recover her actual damages and compensatory damages from Defendants.

87.

Plaintiff is entitled to recover punitive damages from Defendants because Defendants showed willful misconduct, malice, wantonness, oppression, and such an entire want of care as to raise a presumption that Defendants were consciously indifferent to the consequences of their conduct.

88.

Plaintiff is entitled to recover the expenses of this litigation because Defendants acted in bad faith, were stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

**WHEREFORE**, Plaintiff JYKEECIA RAINES respectfully prays for a TRIAL BY JURY and the following relief from Defendants:

a)      Actual and compensatory damages;

b)      Additional punitive damages;

c)      Expenses, costs, interest, and attorney's fees that Plaintiff incurs in this

        legal action; and

d)      Such other and further relief as the Court deems just and proper.

/s/  *James W. Howard*
James W. Howard
Georgia Bar No. 370925
jhoward@howardfirm.com

/s/  *Sharon Effatt Howard*
Sharon Effatt Howard
Georgia Bar No. 371275
showard@howardfirm.com

/s/  *Leif A. Howard*
Leif A. Howard
Georgia Bar No. 132778
lhoward@howardfirm.com

ATTORNEYS FOR PLAINTIFF

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080
(770) 270-5033 (fax)